UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 21-mc-23409-DPG

RICHARD ARROWSMITH, LIQUIDATING
TRUSTEE OF THE HDL LIQUIDATING TRUST.
    Plaintiff,
v.

MICHAEL M. BAHRAMI,.
    Defendants.
_____/

**JUDGMENT CREDITOR'S VERIFIED
RESPONSE TO CLAIM OF EXEMPTION**

Pursuant to Section 77.041(3), Florida Statutes, judgment creditor Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust ("Judgment Creditor"), by and through undersigned counsel, responds to the claim of exemption and request for a hearing filed by Michael M. Bahrami[1], and further states:

**I.    Introduction**

1.    On May 17, 2019, Judgment Creditor obtained a judgment in the United States Bankruptcy Court for the Eastern District of Virginia against Michael M. Bahrami in the principal amount of $14,220.00 plus attorneys' fees and expenses of litigation in the amount of $1,000.00; for a total amount of $15,220.00 (the "Judgment").

---

[1] Judgment creditor registered the judgment against Michael M. Bahrami. in this action, and against Michael M. Bahrami M.D. P.A. in case no. 21-mc-23402-RNS. It is unclear whether Mr. Bahrami intended to claim an exemption solely in his individual capacity or also on behalf of the entity defendant. Judgment Creditor has filed a verified response to claim of exemption in the entity case as well based primarily on the fact that the entity cannot qualify as a "natural person" entitled to the head of family exemption. Garnishee is holding twice the amount of the Judgment Balance from the entity defendant. If Judgment Creditor recovers the funds in that case, the funds held from Dr. Bahrami individually will be released and this matter will be moot.

{BH501723.1}

2. On September 23, 2021, Judgment Creditor registered the Judgment with this Court. *See* D.E. 1.

**II.   The garnishment and claim of exemption.**

3. On September 29, 2021, Judgment Creditor filed its motion for a writ of garnishment as to Garnishee City National Bank of Florida ("Garnishee"), requesting garnishment of any goods or money belonging to the Judgment Debtor.

4. On September 30, 2021, the writ was served on Garnishee.

5. On October 1, 2021 Judgment Creditor, pursuant to Florida Statute § 77.041 gave notice of serving the writ of garnishment with a copy of the motion for writ of garnishment, the writ of garnishment and notice to defendant *See,* D.E. 10.

6. On September 30, 2021, Garnishee filed its answer to the writ of garnishment and answered that at the time of service of the writ, it was indebted to Judgment Debtor and had $27,881.31 subject to garnishment. *See* D.E. 8.

7. On October 1, 2021, pursuant to Florida Statutes 77.055, counsel for Judgment Creditor gave notice of Garnishee's answer together with the statutorily required notice advising the recipients that they must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service of the notice. *See* D.E. 9.

8. On October 14, 2021, Judgment Debtor emailed Judgment Creditor's counsel the claim of exemption, which invoked (1) the head of family exemption, claiming that Michael M. Bahrami provides more than one-half of the support for a child or dependent, that he makes more

than $750 per week, but has not agreed in writing to have his wages garnished; and (2) that he has not been served with any records since 2017.[2]

9. As detailed below, Judgment Creditor objects to the claim of exemption and requests that the Court deny and overrule such claimed exemptions.

**III. Argument**

    **A.**    **Judgment Creditor is entitled to discovery regarding the claim of exemption.**

10. Judgment Creditor requires a reasonable opportunity to take discovery from the Judgment Debtor in order to determine whether the funds are indeed exempt as Judgment Debtor claims.

11. More specifically, Judgment Creditor desires to confirm through discovery that Judgment Debtor provides more than one half the support for a dependent. The claim of exemption does not identify a dependent for whom Judgment Debtor provides support.

12. Florida law holds that the judgment debtor bears the burden of proving entitlement to the statutory exemption. *See Cadle Co. v. G & G Assocs.*, 757 So. 2d 1278, 1279 (Fla. 4th DCA 2000); *see also In re Pettit*, 224 B.R. 834, 839 (Bankr. M.D. Fla. 1998) (explaining that courts may examine the totality of circumstances to determine whether an exemption is applicable)). Here there is nothing but a bare assertion by Dr. Bahrami, which does not discharge his burden to show entitlement to the subject exemption.

---

[2] A true and correct copy of the claim of exemption is attached as Exhibit 1. In addition, on October 18, 2021, Dr. Bahrami electronically served a second claim of exemption, which claimed simultaneously that he earns less than $750 per week, and that he earns more than $750 per week but has not agreed in writing for his earnings to be garnished. A true and correct copy of this second claim of exemption is attached as Exhibit 2.

{BH501723.1}    3

### B. Defendant was properly served in the underlying case.

13. The second ground asserted in the claim of exemption is not really an exemption at all. Judgment Debtor claims "I was never served. No records provided to me since 2017." The underlying money judgment constituted a money judgment in an adversary proceeding commenced in the United States Bankruptcy Court of the Eastern District of Virginia, case no. 17-03500-KRH. Review of the docket in that case indicates that judgment debtor was served via first class mail as of June 23, 2017 in accordance with Rule 7004(b)(1)-(3) of the Bankruptcy Rules.[3] Plaintiff additionally obtained an alias summons and served judgment debtor via first class mail at additional addresses as of March 8, 2019.[4]

14. The plaintiff moved for a default judgment in the underlying action, which the Court duly granted on May 17, 2019.

15. Judgment Creditor registered the judgment in this District pursuant to the terms of 28 U.S.C. § 1963 for purposes of collection. The registration statute requires no separate personal jurisdiction in the registering court. After a federal court of competent jurisdiction enters a valid judgment, the judgment may be registered in any other federal district pursuant to the registration statute. *Fid. Nat'l Fin. v. Friedman*, 935 F.3d 696 (9th Cir. 2019). As such, judgment debtor's claim regarding insufficient service fails.

**WHEREFORE,** Judgment Creditor requests that the Court overrule the claimed exemptions, and grant such other and further relief as deemed just and proper.

Dated: October 25, 2021

---

[3] A true and correct copy of the certificate of service is attached as Exhibit 3.
[4] A true and correct copy of the second certificate of service is attached as Exhibit 4.

{BH501723.1}                                    4

## VERIFICATION

Under penalty of perjury, I declare that the facts asserted in the foregoing verified response are true and correct to the best of my knowledge and belief.

_____
JOSEPH D. STEADMAN, JR., ESQ.

The foregoing instrument was acknowledged before me on October 25, 2021, by Joseph D. Steadman, Jr., Esq., who is personally known to me and who did take an oath.

*Alexandra Chaisson*
Signature of person taking acknowledgment

*Alexandra Chaisson*
Name of acknowledger typed, printed or stamped

ALEXANDRA CHAISSON
Notary Public, Alabama State At Large
My Commission Expires 4/3/2023

Notary Public
Title or rank

My Commission Expires: April 3, 2024

{BH501723.1}                                   5

Respectfully Submitted,

JONES WALKER LLP
*Attorneys for Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*
201 Biscayne Blvd., Suite 3000
Miami, Florida 33131
Email: *jsteadman@joneswalker.com*
Telephone: (305) 679-5700
Facsimile: (305) 679-5710

By: */s/ Joseph D. Steadman, Jr.*
      Joseph D. Steadman, Jr.
      Florida Bar No. 0105590

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2021, I caused a copy of the foregoing notice to be served on the parties below via ECF notification/electronic mail or first-class U.S. mail.

Michael M. Bahrami,
2390 NE 186 Street
Miami, FL 33180

Mario D. Carballo, Esq.
CITY NATIONAL BANK OF FLORIDA
100 S.E. 2nd Street, 13th Floor.
Miami, FL 33131
legaldepartment@citynational.com
mario.carballo@citynational.com
Counsel for garnishee

By: */s/ Joseph D. Steadman, Jr.*
      Joseph D. Steadman, Jr.